**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL SHANTZ, as Natural Father of
B.S., an Infant

                      Plaintiff,

    v.                                                  3:18-cv-1315
                                                            (TJM/DEP)
UNION-ENDICOTT CENTRAL SCHOOL
DISTRICT,

                      Defendant.

---

**Thomas J. McAvoy, Sr. U.S.D.J.**

## DECISION & ORDER

      Before the Court is Defendant's motion to dismiss this case, which alleges that Defendant violated the rights of the minor Plaintiff, a student in the Defendant Union-Endicott Central School District. Plaintiff responds that the case was improperly removed to this Court, and should be remanded. The parties have briefed the issues, and the Court has determined to decide the matter without oral argument.

**I.    BACKGROUND**

      Plaintiff Michael Shantz filed this action on behalf of his minor son, B.S., in the Supreme Court of Broome County, New York. See Complaint ("Complt."), dkt. # 1-1. Plaintiff seeks "damages resulting from the negligence of the" Defendant's agents "in failing to prevent B.S. from being bullied throughout the school year[.]" Id. at ¶ 4. Plaintiff alleges that B.S. attended Charles F. Johnson Elementary school as a kindergartner. Id.

1

at ¶ 5.  Prior to attending that school, B.S. had attended First Presbyterian Nursery School in Endicott, New York, where he was diagnosed with attention deficit hyperactivity disorder ("ADHD").  Id. at ¶ 6.  He had an aide assigned to work with him one-to-one.  Id.

Plaintiff alleges that B.S. suffered bullying from other students, sustaining physical and emotional damage as a result.  Id. at ¶¶ 7, 10, 12.  B.S. became the victim of repeated punching and "a student drew all over his face and hand, spit in his face, [and] slammed a desk into another desk with B.S.'s fingers in between the desks."  Id. at ¶ 12.  Plaintiff "made every effort he could to ensure that the Discrict was fully aware" of this bullying.  Id.  Despite this information from Plaintiff, the District and its agents allegedly "were negligent in failing to have an aide or monitor assigned to the class, failing to have the teacher take steps to ensure B.S. could safely attend class without being subjected to physical beatings, being called nasty names, and otherwise causing him emotional distress."  Id. at ¶ 8.  The District knew or should have known that B.S. needed an aide assigned to him to protect against this bullying and satisfy his educational needs.  Id. at ¶ 9.  Despite Plaintiff's complaints about this conduct, the school did nothing to end the bullying, and B.S. suffered such treatment "on an almost daily basis."  Id. at ¶ 11.  Finally, after an April 9, 2017 incident where B.S. was "thrown to the ground with sufficient force that [he] required stitches to his head," his parents removed him from the school.  Id. at ¶ 13.  Plaintiff further alleges that "the District failed to accommodate his ADHD by sending him home for behavior issues that were directly related to his handicapping condition, and the Principal in fact told B.S. that she had "had it with him and his parents."  Id. at ¶ 12.

Plaintiff's Complaint contains two causes of action.  Count 1 alleges negligence and seeks "compensatory damages against the District [in] an amount to be proven at trial."

2

Id. at ¶ 14.  Count 2 alleges that the District's Conduct in failing to prevent the bullying violated B.S.'s rights under New York's Dignity for All Students Act (DASA).  Plaintiff again seeks compensatory damages for this conduct.

After Plaintiff served Defendant with the Complaint, Defendant removed the case to this Court.  See Notice of Removal, dkt. # 1.  Defendant then filed the instant motion to dismiss, contending that Plaintiff's first Count arises under the Individuals with Disabilities Education Act ("IDEA"), 28 U.S.C. §§ 1400, et seq., and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794, et seq., and that Plaintiff failed to exhaust his administrative remedies as required by those statutes.  Even if Plaintiff's claim did arise under New York law, Defendant contends, Plaintiff failed to plead that he had filed a notice of claim, dooming that cause of action.  Defendant also contends that no private right of action exists under DASA.

Plaintiff responds by conceding that no private right of action exists under DASA, but argues that he did not attempt to state a cause of action under the RA or IDEA.  He suggests that the Court remand the case to state court, since no diversity exists between the parties and–without an RA or IDEA claim–no federal question jurisdiction exists.[1]  In the alternative, Plaintiff requests leave to amend the Complaint to demonstrate that he had filed a proper notice of claim.

## II.	LEGAL STANDARD

The Defendant has filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(c).  Rule 12(b)(6) permits dismissal when a

---

[1]Plaintiff has not filed a motion to remand.  Instead, he simply contends that the Court should remand because no subject matter jurisdiction exists based on his pleading.

3

Plaintiff fails "to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12(b)(6). In such cases, a defendant argues that the plaintiff has not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true. In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). Rule 12(c) permits a motion for judgment on the pleadings, which applies the same standard as a Rule 12(b)(6) motion. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2013) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.").

## III. ANALYSIS

### A. Motion to Dismiss

The Defendant offers several grounds for dismissing the case. Defendant first argues that Plaintiff's negligence claims are actually brought pursuant to the IDEA and RA, and should be dismissed because Plaintiff failed to exhaust administrative remedies, leaving federal jurisdiction wanting. Next, Defendant insists that no private cause of action exists under DASA, and that claim must be dismissed. Finally, Defendant contends that

Plaintiff has not met the notice requirements for state-law claims, and argues that the matter must therefore be dismissed. Plaintiff responds by admitting that he cannot bring a DASA claim, seeking leave to amend the Complaint to demonstrate the provision of notice, and arguing that he has pled negligence claims, not federal causes of action.

Plaintiff denies he has attempted to bring a federal claim and argues that the Court should find it lacks jurisdiction over the matter. "Whether federal courts have federal question jurisdiction over an action is typically governed by the 'well-pleaded complaint rule[.]'" Romano v. Kazacos, 609 F.3d 512, 518 (2d Cir. 2010). Under that rule, "federal question jurisdiction exists only if 'plaintiff's statement of his own cause of action shows that it is based on federal law.'" Id. (quoting Vaden v. Discover Bank, 129 S.Ct. 1262, 1275, 173 L.Ed. 2d 206 (2009)). A "plaintiff is the master of his complaint and is free to avoid federal jurisdiction by 'pleading only state claims even where a federal claim is also available.'" Id. (quoting Marcus v. AT&T Corp., 139 F.3d 46, 52 (2d Cir. 1998)). As related above, Plaintiff does not allege claims under either the IDEA or the RA. He pleads his claim as one for negligence against the school district. Negligence is a common-law, state-court claim, and does not invoke federal subject-matter jurisdiction. If the well-pleaded complaint rule applies, then, Plaintiff has not pleaded a federal cause of action.

While a plaintiff is master of the complaint and can avoid federal court by pleading only state-law claims, "there exists a corollary to the well-pleaded complaint rule—the 'artful pleading' rule–pursuant to which plaintiff cannot avoid removal by declining to plead 'necessary federal questions.'" Id. (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). That rule "rests on the principle that a plaintiff may not defeat federal subject-

5

matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005). "Faced with an artfully (i.e., misleadingly) pleaded complaint, the federal court may construe the complaint as if it raised the federal claim that actually underlies the plaintiff's suit." Id. at 271-72. Under this rule, "[a] defendant may properly remove a state-law claim when a federal statute 'wholly displaces the state-law cause of action,' such that the claim, 'even if pleaded in terms of state law, is in reality based on federal law.'" McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141, 145 (2d Cir. 2017) (quoting Aetna Health Inc. v. Davila, 42 U.S. 200, 207 (2004)).

Defendant's position is that Plaintiff's claim is an IDEA or an RA claim masquerading as a state-law negligence cause of action. Defendant contends that, because Plaintiff references his son's disabilities and complains about the staffing level provided to deal with them, Plaintiff is actually raising a federal claim and using the negligence cause of action to avoid the fact that he did not exhaust his administrative remedies. New York law undermines this argument.

New York Courts have recognized a tort of negligent supervision when a plaintiff accuses a school district of failing to take action to prevent bullying. Motta v. Eldred Cent. Sch. Dist., 141 A.D.3d 819, 820 (3d Dept. 2016). "'Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision.'" Id. (quoting Mirand v. City of New York, 84 N.Y.2d 44, 49, 637 N.E.2d 263, 614 NYS2d 372 (1994)). "'In determining

6

whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated.'" Id. at 821 (quoting Mathis v. Board of Educ. of N.Y., 126 AD3d 951, 952, 7 NYS 3d 182 (2015)).

While Plaintiff references B.S.'s disabilities and alleges inadequate provision for them, he seeks no compensation for those failings. Instead, Plaintiff alleges that B.S. became the victim of bullying by other students. Despite their knowledge of that bullying, Plaintiff alleges, Defendant and Defendant's agents did not take sufficient action to protect B.S., which led to injuries. The District and its agents allegedly "were negligent in failing to have an aide or monitor assigned to the class, failing to have the teacher take steps to ensure B.S. could safely attend class without being subjected to physical beatings, being called nasty names, and otherwise causing him emotional distress." Complt. at ¶ 8. The District knew or should have known that B.S. needed an aide assigned to him to protect against this bullying and satisfy his educational needs. Id. at ¶ 9. Despite Plaintiff's complaints about this conduct, the school did nothing to end the bullying, and B.S. suffered such treatment "on an almost daily basis." Id. at ¶ 11.

Plaintiff's claim is not an attempt to plead an IDEA or RA claim as negligence to avoid procedural limitations and receive compensation for injuries related to disability. "The IDEA's central mandate is to provide disabled students with a 'free appropriate public education' in the least restrictive environmental suitable for their needs." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d. Cir. 2003). The IDEA sets up

7

elaborate procedures to protect the rights of disabled students to receive this education, and permits parents to sue school districts that fail to provide it. See 20 U.S.C. § 1415. Under the RA, a plaintiff makes out a *prima facie* case by alleging "(1) that he or she is a person with disabilities under the Rehabilitation Act, (2) who was denied benefits of or excluded from participating in a federally funded program or special service, (3) solely because of his disability." Bryant v. New York State Educ. Dept., 692 F.3d 202, 216 (2d Cir. 2012). While Plaintiff could certainly have raised issues about a failure to accommodate his son's disabilities, he raises an independent tort that is not displaced by the federal causes of action which address a failure to provide services because of a person's disability. His claim does not allege a failure to provide a free and appropriate public education or contend that the bullying he suffered came as a result of a failure to accommodate. Plaintiff's state-law claims can operate independently of the two federal statutes. While B.S.'s disability played a role in how his classmates treated him, the negligence alleged is related to the Defendant's failure to protect B.S., not to the District's failure to accommodate B.S.'s disabilities. As such, the artful pleading rule does not apply to permit the court to hear Plaintiff's claims.

The well pleaded complaint rule applies. The Court will deny Defendant's motion in this respect.

**B.    Jurisdiction**

The Court's decision with respect to the claim upon which Defendant premised removal necessarily implicates jurisdiction. A federal court has a "continuing obligation to satisfy [itself] that federal jurisdiction over the matter before [it] is proper." Filsaime v.

8

Ashcroft, 393 F.3d 315, 317 (2d Cir. 2004). This obligation exists because "[f]ederal courts . . . are courts of limited jurisdiction. Even where the parties are satisfied to present their dispute to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). "The absence of such jurisdiction is non-waivable," and a court cannot decide a case not "properly within [its] subject matter jurisdiction." Id. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, "[t]he defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating that the district court has original jurisdiction." McCulloch, 857 F.3d at 145.

Defendant's notice of removal contends that "[t]he Complaint contains purported causes of action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400-1482; 34 CFR Part 300 together with § 504 of the Rehabilitation Act of 1973 which prohibits discrimination on the basis of disability found at 29 U.S.C. § 701, 705, 794, and 34 CFR part 104." Notice of Removal, dkt. # 1, at ¶ 2. Defendant further asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1441(a)[2] and 28 U.S.C. § 1331. Id. at ¶ 6. The Defendant therefore asserts that this court has jurisdiction because the cause of

---

[2]Defendant actually cites to 28 U.S.C. § 14419(a). Defendant's reference here appears to be an error. Chapter 28 of the United States Code does not contain a Section 14419. Defendant appears to refer to the removal statute, 28 U.S.C. § 1441. Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a)

9

action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court has found that the Plaintiff did not plead a cause of action under the Constitution, laws or treaties of the United States in Count 1, the cause of action on which Defendant premised removal. Whatever the merits of the claim, Plaintiff alleges a state-law cause of action, not a federal one. The Court lacks jurisdiction to hear the matter, and will therefore remand the case to the Supreme Court of Broome County, New York. The Court declines to otherwise rule on the merits of the Plaintiff's claims. Such questions are for the State court.

## IV. CONCLUSION

For the reasons stated above, the Court will deny the Defendant's motion to dismiss, dkt. # 10, without prejudice. The Court will direct the Clerk of Court to **REMAND** the case to the Supreme Court of Broome County, New York.

**IT IS SO ORDERED**

Dated: January 25, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge